IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DARRELL A. HOWARD,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) No. 03-3276-CM <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> **Defendant.** ) <br> ) | |

## MEMORANDUM AND ORDER

Plaintiff Darrell A. Howard, a federal prison inmate, brings this action *pro se* seeking damages under the Federal Tort Claims Act, for injuries inflicted by another inmate while plaintiff was housed at the Corrections Corporation of America Detention Center, Leavenworth, Kansas ("CCA"). Defendant filed a motion for summary judgment (Doc. 14), claiming that the United States is not liable for the actions or omissions of CCA employees because CCA is an independent contractor. The court has given plaintiff multiple opportunities to file a response to defendant's motion, but plaintiff has failed to do so. Although the court could consider the merits of defendant's motion without the benefit of a response from plaintiff, the court will instead consider whether this case should be dismissed as a sanction for plaintiff's failure to prosecute the case. *See Reed v. Bennett*, 312 F.3d 1190, 1196 (10th Cir. 2002) (holding that the court must either perform summary judgment analysis or sanction analysis when considering an uncontested summary judgment motion).

The court finds that this case should be dismissed as a sanction for failure to prosecute. In applying this sanction, the court considers "(1) the degree of actual prejudice to the opposing party;

(2) the amount of interference with the judicial process; and (3) the culpability of the litigant." *Reed*, 312 F.3d at 1195 (citations omitted).  Here, defendant filed its motion for summary judgment on November 8, 2004.  Plaintiff failed to respond in a timely manner, and the court ordered plaintiff to show cause by December 18, 2004 why the motion should not be considered as uncontested.  The court's show cause order did not reach plaintiff because he had changed facilities without notifying the court.  The court issued another show cause order on January 1, 2005.  In response, plaintiff requested that the court appoint counsel and extend his time for responding.  At a status conference on January 31, 2005 (where plaintiff appeared in person), the court gave plaintiff until February 14, 2005 to file a motion for appointment of counsel and until May 2, 2005 to respond to defendant's motion.  The court mailed a copy of the order memorializing the status conference to plaintiff, but the mail was returned twice as undelivered.  The case then sat dormant, without any further communication or pleadings from plaintiff, for over a year.  On June 12, 2006, the court issued a third show cause order, directing plaintiff to respond by June 19, 2006 and show cause why defendant's motion should not be granted.  As of this date, the postal service has not returned the court's order as undelivered, and plaintiff has not responded to the order.

The court finds that all three factors weigh in favor of dismissing plaintiff's case.  While plaintiff will be prejudiced by dismissal of his case, he has made no effort to participate in the case since January 2005.  Because of plaintiff's apparent failure to notify the court of address changes, the court has had to make repeated attempts to contact him, thereby interfering with judicial process.  And the court finds that plaintiff is culpable for his failure to respond to the court's orders and participate in this case.  Even in the event that he has not received some of the court's orders, the responsibility lies with plaintiff to keep his contact information current with the court.  *See* D. Kan.

-3-

R. 5.1(c) ("Each attorney or party appearing *pro se* has a continuing duty to notify the clerk in writing of any change of address or telephone number."); *see also Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) (holding that a *pro se* litigant had the burden of changing his address under a similar District of Colorado local rule); *Stamper v. Parsons*, No. 01-3470-JWL, 2005 WL 82135, at *3 (D. Kan. Jan. 12, 2005) (holding that the plaintiff was responsible for updating his mailing address).  For these reasons, the court finds that sanctions in the form of dismissal are appropriate.

If plaintiff disagrees that his conduct in this case warrants the severe sanction of dismissal, plaintiff may file a motion to alter or amend judgment in accordance with the Federal Rules of Civil Procedure.  If plaintiff demonstrates a valid reason why sanctions are not appropriate, the court may reopen the case and consider defendant's motion on its merits.

**IT IS THEREFORE ORDERED** that plaintiff's case is dismissed as a sanction for failing to prosecute the case.

Dated this 17th day of July 2006, at Kansas City, Kansas.


s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**