IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DARRELL A. HOWARD,**          )
                                )
        **Plaintiff,**          )
                                )
v.                              )
                                )   No. 03-3276-CM
                                )
**UNITED STATES OF AMERICA,**   )
                                )
        **Defendant.**          )
                                )

## MEMORANDUM AND ORDER

This case is before the court on plaintiff's request to reopen the case (Doc. 32). Plaintiff claims that he did not have access to a legal library and seeks appointment of counsel. Plaintiff does not support his request with any specific facts.

The court dismissed this case on July 17, 2006, as a sanction for plaintiff's failure to prosecute the case. In that order, the court instructed plaintiff that if he "disagree[d] that his conduct in this case warrant[ed] the severe sanction of dismissal, [he could] file a motion to alter or amend judgment in accordance with the Federal Rules of Civil Procedure." The court advised plaintiff that if he could "demonstrate[] a valid reason why sanctions were not appropriate, the court may reopen the case and consider defendant's motion [for summary judgment] on its merits."

Construing plaintiff's request liberally as a motion for relief under Rule 60(b), the court finds no reason to grant plaintiff relief from judgment. He offers no information suggesting mistake, inadvertence, or surprise; no newly discovered evidence; no fraud, misrepresentation, or other misconduct by defendant; no

grounds to void the judgment; no basis on which the judgment should no longer have prospective application; and no other reason justifying relief from the operation of the judgment.

Plaintiff's claim can best be categorized as a claim that the court should reopen the case for excusable neglect. To evaluate whether neglect is "excusable," the court makes an equitable determination, considering the relevant circumstances, including (1) prejudice to the opposing party; (2) the length of delay and its impact on proceedings; (3) the reasons for the delay; and (4) the movant's good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 395 (1993).

Here, all factors, to varying degrees, weigh against granting plaintiff relief. First, the danger of prejudice to defendant is significant if the court reconsiders its dismissal. Defendant filed its motion for summary judgment in November 2004, about nineteen months before the court dismissed the case. Defendant has an interest in efficient justice and finality of judgment, which would be frustrated if the court reopened the case based on plaintiff's unsupported request for relief.

Second, the delay in this case has been considerable. The court discussed the case's delay at length in its July 17, 2006 order, and will not revisit it here. Adding to the delay, however, is the length of time it took plaintiff to file the present motion. After receiving the court's July 17 order, plaintiff waited another five months before asking the court to reopen the case.

Third, plaintiff has offered a potential reason for his delay in responding to defendant's summary judgment motion and the court's orders to show cause: he lacked access to a law library and counsel. On January 31, 2005, Magistrate Judge O'Hara addressed this complaint by extending plaintiff's time to respond to defendant's summary judgment motion for an additional three months, which was nearly six months after the motion was originally filed. Judge O'Hara also gave plaintiff direction on how to properly

-3-

file a request for counsel and a deadline for doing so.  Plaintiff does not offer reasons why he failed to respond to the court's orders to show cause or seek additional extensions of time to respond while the case remained open.  He still gives no basis on which the court could find that appointment of counsel is appropriate.  It appears that at times during the pendency of this case, plaintiff has not been incarcerated.  Plaintiff has not explained why he lacked access to a law library during that time.  Nor has he indicated that he tried unsuccessfully to gain access or that his lack of access was otherwise outside of his control.  In short, plaintiff's explanation for his inaction is inadequate.

Fourth, the court cannot help but question plaintiff's good faith based solely on his dilatory behavior in this action.  Despite multiple opportunities to prosecute this case, plaintiff repeatedly failed to respond to orders or otherwise participate in the case.  The court finds that dismissal remains proper.

**IT IS THEREFORE ORDERED** that plaintiff's request to reopen the case (Doc. 32) is denied.

Dated this  27th  day of February 2007, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**